THE STATE, DAVID BENSON, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

The charter of the city of Hoboken gives authority to the common council to regulate the building of vaults, and the laying of water and gas pipes, in and under the streets, and to secure to the public the safe and convenient use of the streets and sidewalks, for the purposes for which they were originally laid out. An ordinance of the common council, directing that applicants shall be assessed a certain amount for the privilege of building vaults in front of their dwellings, is not within the authority granted, nor within the usual police powers given to the corporation for the maintenance of peace and good order of the city, and therefore void, and any assessment made under it must be set aside.

On *certiorari* to remove an ordinance of the city of Hoboken, approved on the 20th of June, 1867.

Argued before Justices VREDENBURGH, DALRIMPLE, and DEPUE.

For the plaintiff in *certiorari*, *F. B. Ogden.*

Contra, *Leon Abbett.*

DEPUE, J. By the first section of the ordinance under review, the common council of the city of Hoboken may, by resolution, authorize the committee on streets, on the terms and in the manner thereinafter specified, to grant permits for the construction of vaults in the streets of the city, provided, in their opinion, no injury will be sustained,

by the public, thereby. By the second and fifth sections the applicant for a permit to erect a vault in front of his premises, in the streets, is required to pay for such permission to the city treasurer, twenty cents for every square foot of space occupied by the said vault if attached to a private dwelling, and forty cents for every square foot if attached to a shop or store, or if used for any business purposes. The prosecutor owns a lot in the city, fronting on Bloomfield street. On the 25th day of September, 1867, he applied to the common council, by petition, for a permit to build a vault in front of his premises, which was granted, and for which he was assessed the sum of sixty-seven dollars and twenty cents, under the said ordinance. The question stated by the counsel for the decision of this court is, as to the power of the common council to exact of the prosecutor this sum for a license or permit to construct a vault.

It is not claimed that the fee in the lands occupied by the streets of the city is in the corporation, nor does it appear that the prosecutor, by his title deeds, is excluded from the ordinary incident of a boundary on a public highway, of having his ownership carried to the middle line of the highway, subject only to the easement of the public, of using the same for purposes of public travel. In the statement of the case agreed upon between counsel, the power of the common council to adopt the ordinance, and exact the payment in question is sought to be vindicated under the authority conferred by the sixth subdivision of the fortieth section of the city charter (*Acts of* 1855, *p.* 465,) in the following language : " To regulate the building of vaults and the laying of water or gas pipes in or under the streets, and in every other respect to secure to the public, and the adjoining owners, the safe and convenient use of the streets and sidewalks, squares and public grounds for the purposes for which they are or may be laid out and dedicated."

The ordinance, in some of its parts, may very properly be considered as embracing regulations of the building of vaults, and, also, provisions adapted to secure the public the

safe and convenient use of the streets. The requirements of the filing of a description of the proposed vault, and previous permission of the corporate authorities to its construction, and its speedy completion after it is enclosed, and the maintenance of a light during the night, while the surface of the street is interfered with, are clearly regulations authorized by the city charter, which it is competent for the common council to enforce, by reasonable penalties, such as are elsewhere prescribed in the ordinance. But the exaction in question, graduated by the capacity of the vault, is in no sense a regulation, such as is contemplated by these provisions of the city charter. It is a tax, or assessment, upon the owner or occupier of lands, for permission to improve the same for their more convenient use.

In the classification of corporate powers, the distinction between the power of taxation, and the usual police powers, which are granted for the maintenance of peace and good order in the city, and the administration of its internal affairs, is well settled. The functions of the latter are not primarily the raising of revenue. Incidentally, the public treasury may be benefited, as by the imposition of fines or penalties for the violation of city ordinances; by license fees, when the power is specifically to license, and exact license fees; or under powers to regulate markets, by the exaction of market fees, for the use of corporate property. But in all such cases the court must see that the imposition of the penalty, or the requirement of fees for the exercise of privileges, is a reasonable exercise of the powers of legislation granted to the corporation. In *Freeholders of Essex* v. *Barber*, 2 *Halst.* 64, this court held, that the charter of the borough of Elizabeth which gave to its municipal court power to license inns and taverns, did not thereby authorize the borough to tax innkeepers, and receive fees from them for their license. In *The Mayor, &c.,* v. *The Second Avenue Railroad Co.,* 32 *N. Y.* 261, the Court of Appeals of the State of New York, held that an ordinance of the common council of the city of New York requiring a payment of

fifty dollars annually for a license for every passenger car running in the city below One Hundred and Twenty-fifth street, was not a police regulation under the general powers of the city to make laws and ordinances for the good government of the city, but a tax upon the company for revenue purposes in derogation of its rights of property, and on that account unlawful and void. In *Kip* v. *The City of Paterson*, 2 *Dutcher* 298, an ordinance requiring all persons who sold hay or other produce, and delivered the same within city limits, to pay a fee of five cents, was held to be illegal and void as not authorized as a mode of taxation, and not being a reasonable exercise of the power of regulating the police of the city.

It will be observed, that the power of the common council, under the provisions of the city charter above quoted, is an authority to regulate. The same language is used in the city charter with reference to the streets, sidewalks, squares and public grounds, and the running of locomotives through the city, and interments within the city, and bathing in the adjacent waters, and other like matters coming within municipal cognizance. It could not be asserted with even a show of plausibility, that over these subjects the city could exercise its authority for purposes of revenue. If the claim of the city is to be justified, it must be sustainable under those undefined powers which reside in a municipal corporation of passing ordinances for the maintenance of good order, within the corporate limits. Under such powers municipal ordinances for licensing hack drivers, and cartmen, and also shows and exhibitions, and the requirement of a reasonable license fee thereon, have sometimes been sustained, but in such cases the court, when called upon to pass upon the validity of such ordinances, must see that they are adapted to the maintenance of good order, and that the means adopted are a reasonable mode of attaining that end. Tested by this principle, that part of the ordinance under review fails to command approval either as being a police regulation for

the maintenance of good order, or as a reasonable mode of accomplishing that end.

The provisions of this ordinance, requiring the license fee in question, are not authorized as a mode of taxation, and are not a reasonable exercise of the power of regulating the police of the city. To that extent the ordinance is illegal and void, and must be set aside.

Justices VREDENBURGH and DALRIMPLE concurred.